**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| MOONMOON CERAMICS LLC, | Case No. 8:26-cv-1785 |
| Plaintiff, | Temporary Injunctive Relief Requested |
| v. | Preliminary Injunctive Relief Requested |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Permanent Injunctive Relief Requested |
| | Monetary Relief Requested |
| Defendants. | JURY DEMAND |

**COMPLAINT FOR TEMPORARY INJUNCTIVE, PRELIMINARY
INJUNCTIVE, PERMANENT INJUNCTIVE, AND MONETARY RELIEF**

MoonMoon Ceramics LLC ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for copyright infringement under the Copyright Act against the Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule "A" ("Defendants"). In support hereof, Plaintiff, states as follows:

## INTRODUCTION

1.     Plaintiff files this action to combat online infringers who trade upon Plaintiff's reputation and goodwill by reproducing, displaying, distributing and creating derivatives of Plaintiff's copyrighted works (U.S. Reg. No. VA 2-482-369, U.S. Reg. No. VA 2-482-370, U.S. Reg. No. VA 2-482-372, and U.S. Reg. No. PA 2-566-450) ("MOONMOON CERAMICS Works") including their use in connection with the sale and advertising of knockoff products.

2.     The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal copyright registration certificates for the MOONMOON CERAMICS Works are attached here as **Exhibit 1**.

2

3. Like many other intellectual property right owners, Plaintiff suffers ongoing daily and sustained violation of its intellectual property rights at the hands of infringers, such as Defendants herein. Defendants have created internet stores ("Defendant Internet Stores" or "Stores") by the dozens, using and displaying copies and derivative works of the MOONMOON CERAMICS Works to sell imitation versions of Plaintiff's signature products to unknowing customers. Plaintiff is and continues to be harmed, the consuming public is misled and confused, and Defendants earn substantial profits from their infringing activities.

## SUBJECT MATTER JURISDICTION

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., and 28 U.S.C. §§ 1338(a)-(b).

## PERSONAL JURISDICTION AND VENUE

5. Personal jurisdiction exists over Defendants in this Judicial District Florida Statutes § 48,193(1)(a)(1)-(2), or, in the alternative, Federal Rule of Civil Procedure 4(k), because, upon information and belief, Defendants regularly conduct, transact, and/or solicit business in Florida and in this Judicial District, and/or derive substantial revenue from business

transactions in Florida and in this Judicial District, and/or otherwise avail themselves of the privileges and protections of the laws of the State of Florida such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice, and/or Defendants' illegal counterfeiting and infringing actions caused injury to Plaintiff in Florida and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in Florida and this Judicial District. For example:

a. Upon information and belief, Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including those in Florida, in this Judicial District, by operating virtual accounts on the Marketplace Platforms ("Defendant Internet Stores") as well as any and all yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them. Through these Defendant Internet Stores, and specifically through one or more online infringing listing pages publicly accessible and viewable to consumers on each Defendant Internet Store, Defendants are able to use unauthorized

reproductions, copies, and/or derivative works of Plaintiff's copyrighted works to advertise, distribute, offer for sale, and/or sell knockoff products to consumers in the United States, including in Florida (and more particularly, in this Judicial District). Defendants use these infringing business activities placing orders for, receiving invoices for, and/or otherwise purchasing Counterfeit Products for delivery in the United States, including Florida (and more particularly, in this Judicial District), as a means for establishing regular business with the United States, including Florida (and more particularly, in this Judicial District).

b. Upon information and belief, Defendants have transacted business with consumers in the United States, including Florida (and more particularly, in this Judicial District), by using, displaying and distributing unauthorized reproductions, copies, and/or derivative works of Plaintiff's copyrighted works in connection with advertising, marketing, offering for sale, and/or selling knockoff products to consumers.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Middle District of Florida Local Rule 1.04(b) because Defendants, who have committed acts of copyright infringement in this Judicial District and Division, do substantial business in this Judicial District and Division.

5

## THE PARTIES

### Plaintiff MoonMoon Ceramics, LLC

7.      Plaintiff is a Michigan limited liability company. It is the creator and seller of high-quality handmade ceramic artwork, including mugs, planters, ornaments, and decorative pieces under the brand MOONMOON CERAMICS. ("MOONMOON CERAMICS Products"). MOONMOON CERAMICS also offers 3D-printed pottery tools, such as clay cutters, stamps, and other tools used by ceramic artists.

8.      Plaintiff is the owner of several copyright registrations (U.S. Reg. No. VA 2-482-369, U.S. Reg. No. VA 2-482-370, and U.S. Reg. No. PA 2-566-450). The registration information for the MOONMOON CERAMICS Works and copies of the corresponding images are shown in **Exhibit 1** attached hereto. Plaintiff uses and displays the MOONMOON CERAMICS Works in connection with advertising and demonstrating the MOONMOON CERAMICS Products. Upon information and belief, Defendants have persisted in infringing Plaintiff's copyrights after the effective date of the copyright registrations.

9.      Since their first publication, the MOONMOON CERAMICS Works have been used to sell MOONMOON CERAMICS Products.

6

Plaintiff's products and its accompanying copyrighted works have been the subject of substantial and continuous marketing and promotion by Plaintiff throughout the United States.

10.    Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, distribute, and display MOONMOON CERAMICS Works to the public. Plaintiff has never authorized Defendants to use, reproduce, display, or distribute Plaintiff's copyrighted works, or to use them in connection with advertising, marketing, or promoting unauthorized goods.

11.    Plaintiff launched its MOONMOON CERAMICS-branded products in 2019, which are now available through the Company's website[1] and Etsy storefront.[2] They are recognized by the public as being exclusively associated with the Company's brand. MOONMOON CERAMICS Products have been positively reviewed on their website and the Etsy storefront.

12.    Plaintiff is the sole manufacturer, distributor, and retailer of MOONMOON CERAMICS Products. Plaintiff is engaged in the business of distributing and retailing its high-quality artwork within the Middle District

---

[1] https://moonmoonceramics.com/
[2] https://www.etsy.com/shop/MoonMoonCeramics?ref=shop-header-name&listing_id=4402408904&from_page=listing

of Florida. Defendants' sales of the knockoff products through the use of Plaintiff's copyrighted works in violation of Plaintiff's intellectual property rights are irreparably damaging to Plaintiff.

**Defendants**

13.    Defendants are individuals and entities who, upon information and belief, reside in foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Florida and in this Judicial District, through the operation of fully interactive commercial websites or Defendant Internet Stores in various online commercial marketplaces. Each Defendant targets the United States, including Florida, and has offered to sell and, on information and belief, has sold and continues to sell knockoff products to consumers within the United States, including Florida and this Judicial District, using unauthorized reproductions, copies, and/or derivative works of Plaintiff's copyrighted works.

14.    Defendants are an interrelated group of infringers who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine MOONMOON CERAMICS Products by unlawfully using Plaintiff's copyrighted works, while they actually sell inferior imitation products. Defendant Internet Stores share unique identifiers, such as

8

common design elements, the same or similar knockoff products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, accepted payment methods, and check-out methods, lack of contact information, and identically or similarly priced products and volume sale discounts. As such, Defendant Internet Stores establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same transaction or occurrence. The tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

15.    Upon information and belief, at all relevant times hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the MOONMOON CERAMICS Works, including its exclusive right to use and license such intellectual property and the associated goodwill.

16.    Defendants have purposefully directed some portion of their infringing activities towards consumers in the District through

9

advertisement with unauthorized reproductions, copies, and/or derivative works of Plaintiff's copyrighted works as well as through offers to sell, sale, or shipment of knockoff goods associated with infringing works into the State.

17. Defendants directly engaged in unfair competition with Plaintiff by advertising, offering for sale, or selling goods bearing or using unauthorized reproductions or derivatives of Plaintiff's copyrighted works to consumers within the United States and this District through their internet-based e-commerce stores.

18. Infringers, such as Defendants here, are typically in communication with each other. They regularly participate in QQ.com chat rooms and communicate through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

19. Defendants take advantage of the anonymity provided by the internet, which allows them to evade enforcement efforts to combat infringement. For example, infringers take advantage of the fact that marketplace platforms do not adequately subject new sellers to verification

10

and confirmation of their identities, allowing Defendants to "routinely use false or inaccurate names and addresses when registering with these Internet platforms." *See* **Exhibit 2**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 41 NW. J. INT'L. L. & BUS. 24 (2020). Additionally, "Internet commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." *Id.* at 25. Therefore, with the absence of regulation, Defendants may and do garner sales from Florida residents by setting up and operating e-commerce internet stores that target United States consumers using one or more aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars, and, on information and belief, have sold knockoff products to residents of Florida.

20.    Defendants go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. Other Defendant domain names often use privacy services that conceal the owners' identities and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms by using the identities listed in Schedule A of this Complaint, as well as other

11

unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of the many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

21.   The unauthorized products advertised and for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the knockoff products are manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

22.   Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use unauthorized reproductions, copies, and/or derivative works of the MOONMOON CERAMICS Works in connection with the advertisement, offer for sale, and sale of the knockoff products, through, *inter alia*, the internet. The knockoff products are not MOONMOON CERAMICS-branded products of the Plaintiff. Plaintiff did not manufacture, inspect, or package the knockoff products and did not approve the knockoff products for sale in Florida. Each of the Defendant Internet Stores offers shipping to the United States,

12

including Florida, and, on information and belief, each Defendant has sold knockoff products into the United States, including Florida.

23.    Defendants' use of unauthorized reproductions, copies, and/or derivative works of MOONMOON CERAMICS Works in connection with the advertising, distribution, offer for sale, and sale of knockoff products, including the sale of knockoff products into Florida, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

24.    Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling knockoff products that infringe upon MOONMOON CERAMICS Works unless preliminarily and permanently enjoined. As such, Plaintiff also seeks to disable domain names owned by Defendants that are the means by which Defendants could continue to infringe Plaintiff's intellectual property.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501(a))

25.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

13

26.   Plaintiff's works have significant value and have been produced and created at considerable expense. Plaintiff is the owner of each original work, and all works at issue have been registered with the U.S. Copyright Office. *See* **Exhibit 1**.

27.   Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including, but not limited to, the Plaintiff's copyrighted works, including derivative works.

28.   Upon information and belief, Defendants had access to the works through Plaintiff's normal business activities. After accessing Plaintiff's works, Defendants wrongfully created copies and/or used unauthorized copies, reproductions, and/or derivative works of Plaintiff's copyrighted works without Plaintiff's consent and engaged in acts of widespread infringement through publishing, displaying, distributing and using the unauthorized works via online websites and digital markets in connection with the marketing of their knockoff products.

29.   Plaintiff is informed and believes and thereon alleges that Defendants further infringed Plaintiff's copyrights by making or causing to

be made derivative works from Plaintiff's works by producing and distributing reproductions without Plaintiff's permission.

30.    Defendants, without the permission or consent of Plaintiff, have published online infringing derivative works of Plaintiff's works. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act, 17 U.S.C. § 101, et seq.

31.    Further, as a direct result of the acts of copyright infringement, Defendants have obtained direct and indirect profits they would not have otherwise realized but for their infringement of the Plaintiff's copyrighted works. Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of Plaintiff's works.

32.    The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts, and have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

33.    As a result of Defendants' infringement of Plaintiff's exclusive rights under its copyrights, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504, and to recovery of its costs and attorneys' fees pursuant to 17 U.S.C. § 505.

34.     The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502-503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering that Defendants destroy all unauthorized copies. Defendants' copies, digital files, and other embodiments of Plaintiff's copyrighted works from which copies can be reproduced should be impounded and forfeited to Plaintiff as instruments of infringement, and all knockoff copies created by Defendants should be impounded and forfeited to Plaintiff, under 17 U.S.C. § 503.

## PRAYER FOR RELIEF

Plaintiff demands judgment on this Complaint and an award of equitable and monetary relief against Defendants as follows:

A.     That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. using MOONMOON CERAMICS Works or any reproductions, copies, or colorable imitations thereof in any manner, including, without limitation, the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized MOONMOON CERAMICS Product or is not authorized by Plaintiff to be sold in connection with MOONMOON CERAMICS Works;

ii. reproducing, distributing copies of, making derivative works of, or publicly displaying the MOONMOON CERAMICS Works in any manner without the express authorization of Plaintiff;

iii. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale through use of the MOONMOON CERAMICS Works;

iv. further infringing the MOONMOON CERAMICS Works and damaging Plaintiff's goodwill;

v. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by

Plaintiff to be sold or offered for sale, and which directly use MOONMOON CERAMICS Works, and which are derived from Plaintiff's copyrights in the MOONMOON CERAMICS Works; and

vi.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the MOONMOON CERAMICS Works; and

B.  Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as: Alibaba, AliExpress, Amazon, eBay, Fruugo, Shein, Shopify, Temu, and Walmart; payment processors such as: PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, Instagram, Snapchat, TikTok, YouTube, LinkedIn, and Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendants Domain Names; and domain name registrars, that are provided with notice of the injunction, cease

18

facilitating access to any or all webstores through which Defendants engage in the sale of knockoff products using the Plaintiff's copyrights; shall:

   i.   disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff which reproduce MOONMOON CERAMICS Works or are derived from MOONMOON CERAMICS Works, including any accounts associated with the Defendants listed on Schedule A;

   ii.   disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from MOONMOON CERAMICS Works; and

   iii.   take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index; and

C. For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. §501;

D. For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

E. In the alternative, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. §504(c)(2) of $150,000 for each and every use of Plaintiff's copyrighted works;

F. That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

G. That Plaintiff be awarded any and all other relief that this Court deems equitable and just.

Plaintiff demands trial by jury as to all causes of action so triable.

Dated: June 18, 2026                    Respectfully submitted,

                                        /s/ *Victoria Jun*

                                        Victoria Jun (FBN 0096666)
                                        Flener IP Law, LLC
                                        77 West Washington Street, Suite 800
                                        Chicago, Illinois 60602
                                        (312) 724-8874
                                        litigation@fleneriplaw.com